Hon. Brian D. Lynch
Chapter 11

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN R. BROWN, a single person,<br><br>Plaintiff,<br><br>vs.<br><br>NEWMAN DU WORS, LLP, a Washington Limited Liability Partnership, and; JOHN DAVID DU WORS, an Individual,<br><br>Defendants. | Adversary Proceeding No.<br><br>Ch. 13 Case No. 22-bk-40997-BDL<br><br>**PLAINTIFF'S COMPLAINT FOR LEGAL MALPRACTICE AND OBJECTION TO PROOF OF CLAIM 3-1**<br><br><u>**JURY TRIAL DEMAND**</u> |

The Complaint of Plaintiff Stephen R. Brown alleges as follows:

I. Parties

1.0 Plaintiff STEPHEN R. BROWN (hereinafter "BROWN") is a person of the full age of majority, who resides in Fox Island, Pierce County, Washington.

**Complaint for Legal Malpractice and Objection to Proof of Claim 3-1**
Page 1 of 11

WAID LAW OFFICE, PLLC
5400 California Avenue SW, Suite D
Seattle, WA 98136
206-388-1926

Case 23-04000-CMA    Doc 1    Filed 01/05/23    Ent. 01/05/23 15:08:59    Pg. 1 of 11

1.1     Defendant JOHN DAVID DU WORS (hereinafter "DU WORS") is a person of the full age of majority who, on information and belief, resides in King County Washington.  At all times relevant herein, DU WORS was acting within the course and scope of his employment with and/or as principal of NEWMAN DU WORS, LLP.

1.2     Defendant NEWMAN DU WORS, LLP was, at all times relevant herein, a Washington limited liability partnership, with its principal place of business in Seattle, King County, Washington.  At all times relevant to this case, defendant NEWMAN DU WORS, LLP was and is jointly and severally liable for the errors and omissions of its employee/principal, DU WORS, as *respondeat superior* and/or pursuant to RCW 18.100.070.

**II.     Jurisdiction and Venue**

2.0     This Adversary Proceeding is commenced pursuant to Fed. R. Bkrptcy P. 7001, *et seq* and 11 U.S.C. §502(b)(1) and 506(d).  Although an objection to a claim with a counterclaim is a core proceeding under 28 U.S.C. §157(b)(2)(B) and/or (O), this matter is a non-core claim that lies beyond the scope of the creditor's proof of claim because a Bankruptcy

**Complaint for Legal Malpractice and Objection to Proof of Claim 3-1**
Page 2 of 11

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206-388-1926

Case 23-04000-CMA    Doc 1    Filed 01/05/23    Ent. 01/05/23 15:08:59    Pg. 2 of 11

Court has no constitutional power to evaluate the debtor's common law tort claims beyond the scope of the creditor's proof of claim and instead Plaintiff's claims require adjudication by an Article III Court, including pursuant to 28 U.S.C. §157(b)(5).

2.1 Defendant NEWMAN DU WORS, LLP filed Proof of Claim 3-1 in the Bankruptcy of Stephen R. Brown, based on services provided to BROWN in the Underlying Matter. NEWMAN DU WORS, LLP thus consented to jurisdiction and venue in this Court.

2.2 Plaintiff also requests a jury trial relative to his legal malpractice cause of action. Plaintiff does not consent to have the jury issues heard in the Bankruptcy Court and does not waive his right to a jury trial.

2.3 Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

### III. Facts

3.0 Plaintiff alleges the following facts on information and belief because Defendant DU WORS has repeatedly failed and refused to provide Plaintiff with Plaintiff's underlying client file, despite request, in violation of DU WORS' duties to Plaintiff.

Complaint for Legal Malpractice and Objection to Proof of Claim 3-1
Page 3 of 11

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206-388-1926

Case 23-04000-CMA    Doc 1    Filed 01/05/23    Ent. 01/05/23 15:08:59    Pg. 3 of 11

3.1     Plaintiff BROWN is 28-year veteran of the United States Air Force who retired from the Air Force. BROWN suffers from Post Traumatic Stress Disorder ("PTSD") that arose in connection with his military service.

3.2     In 2019, Lisah S. Moeling asserted a personal injury claim against BROWN.

3.3     On or about March 2, 2020, Plaintiff BROWN retained Defendant DU WORS and NEWMAN DU WORS, LLP to represent BROWN in negotiating a settlement and/or defending the personal injury claim asserted against him by Ms. Moegling.

3.4     Upon accepting representation of BROWN, DU WORS undertook a duty of competence in his clients' favor to meet or exceed the standard of care expected of a reasonable and prudent Washington attorney representing a client in the same or similar circumstances.

3.5     On July 14, 2014, Moegling filed a Complaint against BROWN in the Pierce County Superior Court case no. 20-2-06886-7 entitled *Moegling v. Brown* (hereinafter "the Underlying Matter").

3.6     Defendant DU WORS and NEWMAN DU WORS, LLP

Complaint for Legal Malpractice and Objection to Proof of Claim 3-1
Page 4 of 11

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206-388-1926

Case 23-04000-CMA    Doc 1    Filed 01/05/23    Ent. 01/05/23 15:08:59    Pg. 4 of 11

thereafter represented BROWN through trial and entry of judgment in the Underlying Matter in August 2022.

3.7   On or about July 22, 2022, the jury in the Underlying Matter entered a verdict against BROWN in the amount of $2,580,000.

3.8   On August 19, 2022, the trial court in the Underlying Matter entered a judgment against BROWN in the amount of the jury's verdict (hereinafter "the Judgment").

3.9   DU WORS' representation of BROWN in the Underlying Matter fell below the standard of care that DU WORS owed to BROWN in the following respects:

    A.    Failing to consult with and/or an retain an appropriate expert witness or witnesses to testify on behalf of BROWN relative to causation and/or damages;

    B.    Failing to conduct depositions and/or interviews of Plaintiff Moegling's disclosed witnesses, including failing to depose Plaintiff's expert witness prior to trial;

    C.    Failing to identify, interview, depose, or otherwise investigate potential witnesses who should have been interviewed and/or

Complaint for Legal Malpractice and Objection
to Proof of Claim 3-1
Page 5 of 11

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206-388-1926

Case 23-04000-CMA   Doc 1   Filed 01/05/23   Ent. 01/05/23 15:08:59   Pg. 5 of 11

deposed and/or called to testify at trial;

D. Failing to prepare BROWN for his deposition and trial testimony, thus creating doubt for the jurors about BROWN's credibility;

E. Failing to adequately prepare for trial, including failing to object to Moegling's introduction of inadmissible evidence relating to BROWN's financial circumstances which was extraordinarily prejudicial to BROWN;

F. Such other negligent acts and omissions as may be established during discovery and/or at trial.

3.10 But for Defendant DU WORS' breaches of the standard of care, the Judgment against BROWN would not have been entered in the Underlying Matter, or, in the alternative, the amount of the Judgment would have been significantly less than the amount awarded against him.

3.11 As a direct and proximate result of the jury verdict entered against him, BROWN retained counsel and filed a Chapter 11 bankruptcy reorganization on August 11, 2022 in the United States Bankruptcy Court for the Western District of Washington, case no. 22-40997-BDL entitled

Complaint for Legal Malpractice and Objection to Proof of Claim 3-1
Page 6 of 11

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206-388-1926

Case 23-04000-CMA    Doc 1    Filed 01/05/23    Ent. 01/05/23 15:08:59    Pg. 6 of 11

*In re: Stephen Robert Brown* (hereinafter "the Bankruptcy Case").

3.12 But for DU WORS' breaches of the standard of care and the resulting verdict and Judgment against him, BROWN would not have filed the Bankruptcy Case.

3.13 As a direct and proximate result of DU WORS' breaches of the standard of care, BROWN suffered the following damages:

A. Entry of $2,580,000 verdict and Judgment against him;

B. Consequential damages incurred as a result of the Judgment again him, including but not limited to the fees and costs of replacement counsel, the fees and costs of bankruptcy counsel and Bankruptyc Court fees, and the financial ramifications of BROWN's bankruptcy filing;

C. Fees and expenses paid to Defendants for services that fell below the standard of care;

D. Such other damages as may be proven through discovery and/or at trial.

### IV. First Cause of Action: Legal Malpractice

4.0 Plaintiff re-alleges and incorporates by reference every

Complaint for Legal Malpractice and Objection to Proof of Claim 3-1
Page 7 of 11

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206-388-1926

Case 23-04000-CMA    Doc 1    Filed 01/05/23    Ent. 01/05/23 15:08:59    Pg. 7 of 11

allegation set forth in ¶¶1.0-3.13, above, as if fully set forth here.

  4.1 The representation of BROWN by Defendant DU WORS fell below the standard of care expected of a reasonable and prudent Washington attorney representing clients in the same or similar manner, in the respects described in Complaint ¶3.0-¶3.13, above.

  4.2 Defendant DU WORS's breaches of the standard of care proximately caused BROWN damage as described on Complaint ¶3.13, above, including but not limited to the judgment entered against him, whether in whole or in part, fees paid to the defendants for services which failed to mee the standard of care, mitigation expenses (including the costs of replacement counsel and bankruptcy counsel, and consequential damages including embarrassment, emotional distress, and the financial impact of Plaintiff's bankruptcy filing on his creditworthiness.

  4.3 Defendant NEWMAN DU WORS, LLP. is jointly and severally liable for the acts and omissions of Defendant DU WORS.

  WHEREFORE Plaintiff prays for judgment in his favor and against Defendants DU WORS and NEWMAN DU WORS, LLP, jointly and severally, awarding him the following relief:

**Complaint for Legal Malpractice and Objection to Proof of Claim 3-1**
Page 8 of 11

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206-388-1926

Case 23-04000-CMA Doc 1 Filed 01/05/23 Ent. 01/05/23 15:08:59 Pg. 8 of 11

A.  All damages sustained by Plaintiff because of Defendant DU WOR's negligent acts and/or omissions;

B.  Legal interest, including pre-judgment interest, on all damages to the fullest extent authorized by Washington law;

C.  Reasonable attorney fees to the extent allowed by statute, contract, or other equitable theory authorized by law;

D.  All taxable costs and disbursements;

E.  Such other and different relief as the Court may deem just and equitable.

V. **SECOND CAUSE OF ACTION: OBJECTION TO PROOF OF CLAIM 3-1.**

5.0  Plaintiff re-alleges and incorporates by reference every allegation set forth in ¶¶1.0-4.3, above, as if fully set forth here.

5.1  Defendant NEWMAN DU WARS, LLP filed Proof of Claim no. 3-1 in the Bankruptcy Case, based on services and expenses alleged to Have been incurred during its representation of BROWN in the Underlying Matter.

5.2  BROWN objects to Proof of Claim 3-1 to the extent it alleges fees and expenses: (a) that violate RPC 1.5 and/or are unreasonable within

Complaint for Legal Malpractice and Objection
to Proof of Claim 3-1
Page 9 of 11

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206-388-1926

Case 23-04000-CMA    Doc 1    Filed 01/05/23    Ent. 01/05/23 15:08:59    Pg. 9 of 11

the meaning of RPC 1.5; (b) for services not performed or performed for the benefit of Defendants; (c) for services that failed to meet the standard of care owed to BROWN; (d) services that were duplicative and/or incurred to correct errors or omissions of Defendants.

5.3  BROWN further alleges his right to set off the amounts owed him by Defendants on Plaintiff's First Cause of Action against the amounts, if any, determined to be owing to Defendant NEWMAN DU WORS, LLP on its Proof of Claim 3-1.

WHEREFORE Plaintiff prays for the following relief on his Second Cause of Action:

A.  Disallow Proof of Claim 3-1 in its entirety or, in the alternative, reduce Proof of Claim 3-1 to reflect the amounts remaining due after determination of Plaintiff's objections and/or set off alleged herein;

B.  Such other and different relief as the Court may deem just and equitable.

## VI. Jury Trial Demand

6.0  Plaintiff asserts his right under the Seventh Amendment to

Complaint for Legal Malpractice and Objection to Proof of Claim 3-1
Page 10 of 11

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206-388-1926

Case 23-04000-CMA    Doc 1    Filed 01/05/23    Ent. 01/05/23 15:08:59    Pg. 10 of 11

the U.S. Constitution and demands, in accordance with Fed. R. Civ. P. 38, a trial by jury on all issues relating to his First Cause of Action.

DATED: January 4, 2023.

WAID LAW OFFICE, PLLC

BY: /s/ Brian J. Waid
BRIAN J. WAID
WSBA No. 26038
Attorney for Plaintiff

Complaint for Legal Malpractice and Objection
to Proof of Claim 3-1
Page 11 of 11

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206-388-1926

Case 23-04000-CMA    Doc 1    Filed 01/05/23    Ent. 01/05/23 15:08:59    Pg. 11 of 11